UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:19CR091

TIMOTHY CHRISTIAN VICKERS

**PLEA AGREEMENT**

The United States Attorney hereby proposes to the Court a plea agreement to be filed in this cause under Rule 11(c) of the Federal Rules of Criminal Procedure. Defendant has read and fully understands this plea agreement and approves same, realizing that the plea agreement is subject to acceptance or rejection by the Court. The plea agreement is as follows:

1. GUILTY PLEA: The defendant agrees to waive Indictment and plead guilty under oath to Count One of the Information, which charges that the defendant, did travel in interstate commerce from Alabama to Mississippi and back to Alabama with the motivating purpose of engaging in illicit sexual conduct with a minor, NR, who had not attained 18 years of age, that is, TIMOTHY CHRISTIAN VICKERS traveled with intent that to engage in sexual activity with the minor, NR, for which sexual activity TIMOTHY CHRISTIAN VICKERS could be charged with a criminal offense, being statutory rape under the laws of the State of Mississippi, in violation of Mississippi Code, Section 97-3-65(1)(b), and rape in the second degree under the laws of the State of Alabama, in violation of Alabama Code, Section 13A-6-62, all being in violation of Title 18, United States Code, Section 2423(b),

which carries maximum possible penalties of 30 years imprisonment a $ 250,000 fine, not less than 5 years and not more than life supervised release, a special assessment of $100 and a $5,000 assessment.

2. OTHER CHARGES: The United States agrees not to charge the defendant with any other offenses arising from or related to the above charge and agrees to dismiss the Indictment upon conclusion of sentencing on Count One of the Information.

3. RESTITUTION: The defendant understands that the Court may order restitution in accordance with the provisions of 18 U.S.C. § 3663 for all offenses committed and specifically agrees that restitution is not limited to the count of conviction.

4. OTHER AUTHORITIES: This agreement does not bind any prosecuting authority of any state or any other federal district, nor does it bind the Attorney General of the United States with regard to any matter, criminal or civil, involving federal tax laws. Nor does this agreement bind the United States or any of its departments or agencies with regard to any civil or administrative actions or remedies.

5. VIOLATIONS OF THIS AGREEMENT: If defendant violates this agreement, all statements made pursuant hereto will be admissible against defendant, who hereby waives the provisions of Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. Defendant may also, in that event, be prosecuted for all federal offenses, including perjury and false statements relating to this plea agreement.

6. ACKNOWLEDGMENTS: Apart from being advised of the applicability of the U.S. Sentencing Guidelines, and other than as set forth elsewhere in the plea documents, no promise or representation whatsoever has been made to defendant as to what punishment the Court might impose if it accepts the plea of guilty. This agreement fully reflects all

promises, agreements, and understandings between the defendant and the United States Attorney. The defendant's agreement is knowing, free, and voluntary, and not the product of force, threat, or coercion. The defendant is pleading guilty because defendant is in fact guilty.

This the 21st day of October, 2019.

On behalf of: _____ MSB # 10316
WILLIAM C. LAMAR
United States Attorney
MS Bar No. 8479

AGREED AND CONSENTED TO:

_____
TIMOTHY CHRISTIAN VICKERS
Defendant

APPROVED:

_____
MICHAEL SCOTT DAVIS
Assistant Federal Public Defender
Mississippi Bar No. 103225